UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ERIC ANDREW O'DELL,                    )          NO. CV 11-7647-JVS (AGR)
                                       )
              Petitioner,              )
                                       )
      v.                               )
                                       )          ORDER TO SHOW CAUSE
JANICE GALLI McLEOD, et al.,           )
                                       )
              Respondents.             )
                                       )
_____)

      On August 10, 2011, Petitioner filed a Petition for Writ of Habeas Corpus.

For the reasons discussed below, it appears that Petitioner has failed to exhaust

his state remedies.

      The court, therefore, orders Petitioner to show cause, on or before

***October 28, 2011***, why this court should not recommend dismissal without

prejudice based on failure to exhaust state remedies.

///

///

///

///

# I.

## BACKGROUND AND DISCUSSION

Petitioner pled guilty to second degree murder with a gun enhancement. (Petition at 2.)  On October 21, 2005, he was sentenced to 25 years to life.  (*Id.*) According to Petitioner, he appealed his conviction to the California Court of Appeal and it was denied in 2006 (*id.* at 3); however, the California Appellate Court's online docket does not indicate that Petitioner ever appealed.[1]  Petitioner indicates that he did not appeal his conviction to the California Supreme Court. (*Id.*)  He also indicates that he filed no habeas petitions in any California court. (*Id.* at 4.)

It is not clear what Petitioner's claims are.  In the section of the form where he is supposed to list his grounds, he refers to a declaration he filed at the same time as the petition.  (*Id.* at 6.)  However, Petitioner's declaration does not list any grounds.  Instead, he asks the court "to open an adequate inquiry, to review Petitioner's FBI file *in camera*, disclose its contents, and to afford Petitioner a chance to make any amendments or discovery request available if necessary." (Petitioner Decl. at 3.)  Petitioner argues that the FBI's findings will "exonerate" him.  (*Id.*)[2]

The AEDPA provides that a petition for writ of habeas corpus brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (b)(I) there is an absence of available State corrective process; or (ii) circumstances

_____

[1] Cal. Penal Code § 1237.5 "provides that a defendant may not appeal a judgment of conviction entered on a plea of guilty or nolo contendere without obtaining a certificate of probable cause from the trial court, unless the appeal is based solely upon grounds occurring after entry of the plea and which do not challenge its validity."  *People v. Placencia*, 194 Cal. App. 4th 489, 493, 122 Cal. Rptr. 3d 922 (2011).

[2] In 2009, Petitioner apparently made a FOIA request to the FBI, who responded that it did not have responsive record.  (Petitioner Decl. Attached.) Petitioner also appealed the FBI's decision.  (*Id.*)

1    exist that render such process ineffective to protect the rights of the applicant."

2    28 U.S.C. § 2254(b)(1).

3        Exhaustion requires that Petitioner present his contentions to the state's

4    highest court, in this case the California Supreme Court. *James v. Borg*, 24 F.3d

5    20, 24 (9th Cir. 1994).   Petitioner bears the burden of demonstrating that he

6    described to the California Supreme Court both the operative facts and the

7    federal legal theory on which his claims are based. *Duncan v. Henry*, 513 U.S.

8    364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995).

9        As outlined above, the petition appears to be completely unexhausted and

10   is therefore subject to dismissal without prejudice. *See Rasberry v. Garcia*, 448

11   F.3d 1150, 1154 (9th Cir. 2006).

**II.**

**ORDER TO SHOW CAUSE**

14       IT IS THEREFORE ORDERED that, on or before **October 28, 2011**,

15   Petitioner shall show cause, if there be any, why this court should not recommend

16   dismissal without prejudice based on failure to exhaust state remedies.

17       **Petitioner is also advised that if he fails to timely respond to this**

18   **Order to Show Cause, the magistrate judge will recommend that the district**

19   **court dismiss the petition without prejudice based on failure to exhaust**

20   **state remedies.**

DATED:  September 27, 2011

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

3