UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ANDREW O'DELL,<br><br>　　　　Petitioner,<br><br>　　　v.<br><br>JANICE GALLI McLEOD, et al.,<br><br>　　　　Respondents. | NO. CV 11-7647-JVS (AGR)<br><br>ORDER TO SHOW CAUSE |

On August 10, 2011, Petitioner filed a Petition for Writ of Habeas Corpus. For the reasons discussed below, it appears that the one-year statute of limitations has expired.

The court, therefore, orders Petitioner to show cause, on or before ***November 21, 2011***, why this court should not recommend dismissal of the petition with prejudice based on expiration of the one-year statute of limitations.

///
///
///
///

## I.

## **BACKGROUND AND DISCUSSION**

Petitioner pled guilty to second degree murder with a gun enhancement. (Petition at 2.) On October 21, 2005, he was sentenced to 25 years to life. (*Id.*) According to Petitioner, he appealed his conviction to the California Court of Appeal and it was denied in 2006 (*id.* at 3); however, the California Appellate Court's online docket does not indicate that Petitioner ever appealed, and Petitioner attaches nothing in support of his assertion.[1] Although in the petition he also indicates he filed no habeas petitions in any California court (*id.* at 4), according to the California online docket, on September 20, 2010, he filed a habeas petition in the California Court of Appeal, which was denied on September 28, 2010. California Appellate Courts online docket in Case No. D058212. On November 29, 2010, he filed a state habeas petition in the California Supreme Court, which was denied on May 18, 2011. California Appellate Courts online docket in Case No. S188583. On May 6, 2011, he filed a second state habeas petition in the California Supreme Court, which was denied on September 28, 2011. California Appellate Courts online docket in Case No. S192902.

It is not clear what Petitioner's claims are. In the section of the form where he is supposed to list his grounds, he refers to a declaration (signed on July 30, 2011) he filed at the same time as the petition. (Petition at 6.) However, Petitioner's declaration does not list any grounds. Instead, he asks the court "to open an adequate inquiry, to review Petitioner's FBI file *in camera*, disclose its contents, and to afford Petitioner a chance to make any amendments or

---

[1] Cal. Penal Code § 1237.5 "provides that a defendant may not appeal a judgment of conviction entered on a plea of guilty or nolo contendere without obtaining a certificate of probable cause from the trial court, unless the appeal is based solely upon grounds occurring after entry of the plea and which do not challenge its validity." *People v. Placencia*, 194 Cal. App. 4th 489, 493, 122 Cal. Rptr. 3d 922 (2011).

discovery request available if necessary." (Petitioner Decl. at 3 (Dkt. No. 2).) Petitioner argues that the FBI's findings will "exonerate" him. (*Id.*)[2]

On September 27, 2011, this court issued an order to show cause why the petition should not be dismissed without prejudice for failure to exhaust state remedies. (Dkt. No. 10.) On October 14, 2011, Petitioner filed a response. Without expressing an opinion as to the exhaustion issue, based on Petitioner's response, the first order to show cause is DISCHARGED.[3]

## II.

## **STATUTE OF LIMITATIONS**

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28

---

[2] In 2009, Petitioner apparently made a FOIA request to the FBI, who responded that it did not have responsive records. (Petitioner Decl. Attached.) Petitioner also appealed the FBI's decision. (*Id.*)

[3] It is not clear whether Petitioner even intended to file a petition for habeas corpus here, as opposed to a Freedom of Information Act ("FOIA") action. For example, in his response to the first order to show cause, Petitioner states, "This petition is a Freedom of Information Act [case]." (Response at 1.) In addition, in his motion for appointment of counsel, which precedes his declaration, he asks for counsel "who specializes in Freedom of Information Act . . . [w]ho can appropriately litigate the claims pending before this court." (Dkt. No. 6 at 1.) At the same time, he appears to want counsel to help determine what habeas claims he has. (*Id.* at 4 ¶ 16 ("to press forth only the meritorious claims")); *see Brashbear v. Clark*, 2009 WL 3211405, *2 (E.D. Cal. 2009) (petitioner's "motion to appoint an investigator . . . to develop additional facts relating to [a claim]" is denied as "not appropriate in habeas review"); *Reeves v. Lafler*, 2009 WL 424810, *2 (E.D. Mich. 2009) (same).

3

U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D). There is no indication in the petition that any of the bases in (B)-(D) applies.

Based on the California Appellate Court's online docket, Petitioner did not appeal his conviction. Therefore, his conviction became final 60 days after his conviction on December 20, 2005. California Rule of Court 8.308(a). The statute of limitations expired one year later on December 20, 2006. Petitioner signed the federal petition on July 28, 2011, about five and a half years later. Absent tolling, the petition is time-barred.

### A.   Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Because Petitioner did not file his first state habeas petition until September 20, 2010, he is not entitled to statutory tolling. *See Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003) (state habeas petition filed after the limitations period has expired does not revive the limitations period).

Absent equitable tolling, the petition remains time-barred.

### B.   Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010). "[A] 'petitioner' is 'entitled equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Id.* at 2565 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Pace*, 544 U.S. at 418. "[E]quitable tolling is available for this

4

reason only when "'extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time'" and "'the extraordinary circumstances" were the *cause* of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).

There is no indication in the petition that Petitioner is entitled to equitable tolling.

## III.

## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **November 21, 2011**, Petitioner shall show cause, if there be any, why the court should not recommend dismissal with prejudice based on expiration of the statute of limitations.

**Petitioner is also advised that if he fails to timely respond to this order to show cause, the magistrate judge will recommend that the district court dismiss the petition with prejudice based on expiration of the statute of limitations.**

DATED: October 21, 2011

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

5