UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ANDREW O'DELL,<br><br>    Petitioner,<br><br>    v.<br><br>JANICE GALLI McLEOD, et al.,<br><br>    Respondents. | NO. CV 11-7647-JVS (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the petition, records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected. The Court accepts the findings and recommendation of the Magistrate Judge.

In October 2005, Petitioner was sentenced to 25 years to life after pleading guilty to second degree murder with a gun enhancement. (Report at 2.) To avoid the time bar, Petitioner contends he is actually innocent of the crime because he acted in self-defense. (*Id.* at 5.) According to Petitioner, in March 2009, Petitioner met the cousin of the victim (Victor Escamilla) when Petitioner was

incarcerated at Calipatria State Prison. (Objections at 1-2; Report at 5.) Escamilla told Petitioner that the FBI has information that there was another gun "involved at the time of the incident and that Petitioner was defending himself." (Objections at 2.) When the police arrived at the scene of the shooting, they "never found a gun . . . [a]lthough Petitioner was aware that [there] was another gun involved." (*Id.*) Petitioner alleges "the cops or FBI suppressed this information from Petitioner and his defense." (*Id.*) Petitioner "has been filing discovery request[s] since that time." (*Id.*)

On October 1, 2009, an FBI section chief in records responded to Petitioner's FOIA request. (Petitioner Decl. (Dkt. No. 2), Attached.) According to the FBI's letter, the FBI "conducted a search of the indices to our Central Records System at the Sacramento Field Office [and] were unable to identify responsive main file records. If you have additional information pertaining to the subject that you believe was of investigative interest to the Bureau, please provide us the details and we will conduct an additional search." (*Id.*) On December 14, 2009, Respondent, the Associate Director of the Office of Information Policy of the U.S. Department of Justice, in response to Petitioner's appeal, affirmed the Sacramento Field Office's action. (*Id.*) She wrote that "in addition to its search of its Sacramento Field Office, the FBI searched all other field offices and its Headquarters Office." (*Id.*) She "determined that the FBI's response was correct and that it conducted an adequate, reasonable search for records responsive to your request." (*Id.*)

In his objections, Petitioner again asks for "information about the gun that was ditched at the scene"; "how the information came about [i.e.] a witness at the scene or information that Gustavo Ramirez[1] may have later given up to the cops";

---

[1] According to Petitioner, Ramirez was a friend of Escamilla's and allegedly told a police officer that Escamilla "probably started the incident." (Objections at 2.)

"who handled the information once it was received"; and "how it was maintained and why it was not reported to defense at the time or later." (Objections at 3 (brackets in original).) The Magistrate Judge has already properly denied two requests for discovery by Petitioner because he has failed to show good cause for his requests. (Dkt. Nos. 17, 21.)

The Magistrate Judge correctly found that Petitioner had failed to "'demonstrate that more likely than not, in light of . .. new evidence, no reasonable juror would find him guilty beyond a reasonable doubt.'" (Report at 6 (quoting *House v. Bell*, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006).) Petitioner's claim that the FBI has information about the shooting "is based on hearsay from an unnamed inmate who is supposedly the victim's cousin." (Report at 6.) The FBI has twice told Petitioner it has no records. Petitioner has not presented any "new reliable evidence" of his alleged innocence. *House*, 547 U.S. 537.

Petitioner's objections are overruled.

IT IS ORDERED that judgment be entered denying the petition and dismissing this action with prejudice.

DATED: March 20, 2012

_____
JAMES V. SELNA
United States District Judge